JOURNAL ENTRY and OPINION
Plaintiff-appellant, State of Ohio, appeals the trial court's decision which granted the dismissal of defendant-appellee, Lamont Heard's indictment. On March 31, 2000, Heard was charged with one count of escape for failure to report to the Adult Parole Authority. Upon Heard's motion, the trial court terminated post-release control based on this court's holding in State v. Jones (Sept. 2, 1999), Cuyahoga App. No. 74247, unreported, 1999 LEXIS 4078. In Jones, this court held that R.C.2967.28, Ohio's post-release control statute, was unconstitutional. The State filed an appeal and this court stayed the appeal while the Jones
case was pending.
Appellant raises a single assignment of error which argues:
 I. R.C. 2967.28(B) DOES NOT VIOLATE THE SEPARATION OF POWERS DOCTRINE OR THE DUE PROCESS CLAUSES OF THE UNITED STATES OR OHIO CONSTITUTIONS (Woods v. Telb
(2000), 89 Ohio St.3d 519; State v. Jones (2000), 89 Ohio St.3d 594, followed.)
The Ohio Supreme Court overturned Jones based on its finding in Woodsv. Telb (2000), 89 Ohio St.3d 504, that R.C. 2967.28 does not violate the separation of powers doctrine when a defendant is advised ofdiscretionary post-release control, and that the statute does not violate the due process rights of defendants.
Heard argues that his indictment on the charge of escape is unconstitutional because he was not informed by the trial court that post-release control was a part of his sentence.
At the time that the hearing was held on Heard's motion to dismiss, a purely legal question was at issue, whether R.C. 2967.28 violates the separation of powers doctrine or the due process clauses of the United States or Ohio Constitutions. Thus, the issue of whether Heard was advised of post-release control was never raised because neither party had the burden of showing that he had been so advised.
However, in Woods the Supreme Court added a factual analysis to the constitutional determination. Thus, it is necessary to determine whether Heard was properly advised of the post-release control sanction at either his plea or sentencing hearing, before we can determine whether granting the motion to dismiss was appropriate.
The record before us includes a transcript from Heard's original plea and sentencing hearings. However, we are unable to determine if the trial court considered this transcript in making its decision to dismiss the indictment. Thus, we are not in the position to review this transcript at the appellate level when it is uncertain that the court below had an opportunity to review it.
Accordingly, we reverse and remand this matter to the trial court, to afford it the opportunity to perform the factual analysis required byWoods.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee its costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, P.J., and JAMES J. SWEENEY, J., CONCUR